IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
          Plaintiff                :
                                   :
    v.                             :
                                   :     CASE NO. 25-67M
MARK McLAUGHLIN                    :
                                   :     FILED UNDER SEAL UNSEALED
                                   :                    1/31/25 KJK
          Defendant.               :

MOTION FOR DETENTION HEARING

NOW COMES the United States of America, by and through its attorneys, Shannon T.

Hanson, Acting United States Attorney for the District of Delaware, and Michelle L. Morgan and

Claudia Pare, Assistant United States Attorneys for the District, and moves for the pretrial

detention of the Defendant, pursuant to 18 U.S.C. § 3142(e), (f)(1)(A), (2).    In support of the

Motion, the United States alleges the following:

1.    **Eligibility of Case**.    Pursuant to 18 U.S.C. § 3142(f), this case is eligible for a

detention order because it involves:

☑ Crime of violence (18 U.S.C. § 3156)

☐ Maximum sentence life imprisonment or death

☐ A drug offense punishable by 10 years or more

☐ Felony, with two prior convictions in above categories

☐ Minor victim

☐ Possession/use of firearm, destructive device, or dangerous weapon

☐ Failure to register under 18 U.S.C. § 2250

☑ Serious risk that Defendant will flee

FILED

JAN 3 1 2025

U.S. DISTRICT COURT DISTRICT OF DELAWARE

☑ Serious risk of obstruction of justice

2. **Reason For Detention.**   The Court should detain Defendant because there are no conditions of release which will reasonably assure (**select all that apply**):

☑ Defendant's appearance as required;

☑ Safety of any other person and the community.

3. **Time For Detention Hearing.**   The United States requests the Court conduct the detention hearing,

□ At first appearance;

☑ After continuance of ___3___ days (not more than 3).

4. **Rebuttable Presumption.**

□ In this case, there is a rebuttable presumption that the defendant should be detained pursuant to 18 U.S.C. § 3142(e) because (**if applicable, check any that apply**):

□ There is probable cause to believe Defendant committed 10+ year drug offense, an offense under § 924(c), or another offense set forth at § 3142(e)(3);

□ The case is eligible pursuant to the criteria set forth at § 3142(e)(2), which requires a prior conviction for an eligible offense committed while on pretrial bond.

5. **Temporary Detention.**

□ The United States requests the temporary detention of the Defendant under 18 U.S.C. § 3142(d) for a period of _____ days (not more than 10) so that the appropriate officials can be notified since (**if applicable, check B or C**):

A.    The Defendant may flee or pose a danger to another person in the community; and

B.    ☐ At the time the offense was committed, the Defendant was: (1) on release pending trial for a felony; (2) on release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence for an offense; or (3) on probation or parole for an offense.

C.    ☐ The Defendant is not a U.S. citizen or lawfully admitted permanent resident.

6.  **Immigration Status**.

☐ The Defendant is not a citizen of the U.S. or lawfully admitted for permanent residence and is removable from the United States, and therefore is subject to arrest by an ICE officer should he/she be released from custody.

DATED this January 30, 2025.

Respectfully submitted,

SHANNON T. HANSON
ACTING UNITED STATES ATTORNEY


BY: *Michelle L. Morgan*
Michelle L. Morgan
Claudia Pare
Assistant United States Attorneys

3